UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

    Petitioner,

v.                                        Case No. 8:22-mc-22-CEH-CPT

TRAVIS R. PRINCE,

    Respondent.
_____/

## SHOW CAUSE ORDER

Before the Court is the United States' *Petition to Enforce Internal Revenue Service Summonses* (Petition).[1] (Doc. 1). For the reasons discussed below, the Court will grant the Petition in part and enter a show cause order as requested in the Petition.

The IRS commenced this action pursuant to 26 U.S.C. §§ 7402(b) and 7604(a), seeking to obtain an order directing Respondent Travis R. Prince (Respondent) to show cause why he should not comply with the IRS summonses (Summonses) served on him as shareholder of Travis Prince, PA (Prince PA) and as partnership representative for PrincEquity, LLC (PrincEquity). (Docs. 1, 1-2, 1-3). The IRS avers

---

[1] Although the Department of Justice's Tax Division filed the Petition, the Petitioner shall be referred to herein as the Internal Revenue Service (IRS) because it is the "real party in interest." *United States v. Moore, Ingram, Johnson & Steele, LLP*, 2022 WL 3134374, at *1 n.1 (11th Cir. Aug. 5, 2022) (per curiam).

in its Petition and in an accompanying declaration authored by Revenue Agent Vicki Simmons that it is investigating Prince PA and PrincEquity relative to their income tax liabilities for the 2019 and 2020 tax years. (Doc. 1-1 at 2). The IRS further avers that the Summonses directed the Respondent to appear before an IRS officer at a date and time in October 2021, and to produce the books, records, and other documents demanded in the Summonses. (Docs. 1-1 at 8, 1-2, 1-3). According to the IRS, the Respondent did not appear as instructed, nor did he provide any responsive documents sought in the Summonses at that time. (Doc. 1-1 at 10). The IRS additionally avers that while the Respondent's attorney did turn over some responsive documents to Agent Simmons roughly six months later, in April 2022, this production was incomplete, and the attorney has since stopped communicating with Agent Simmons despite the agent's repeated attempts to speak with counsel. *Id.* at 11–12. The IRS also attests and confirms that (1) its investigation is being conducted for a legitimate purpose; (2) the materials it requests by way of the Summonses are relevant to the investigation; (2) the Summonses seek documents that have not yet been produced and are not already in the IRS's possession; and (4) the IRS followed all administrative procedures required by the Internal Revenue Code for the issuance of the Summonses. *Id.* at 8, 12.

Upon due consideration of the Petition and the exhibits attached thereto, including Agent Simmons's declaration (Doc. 1-1), it is hereby ORDERED:

1. The Respondent is to appear before the Honorable Christopher P. Tuite, in Courtroom 12B, United States Courthouse, 801 North Florida Avenue, Tampa,

Florida, 33602, on April 13, 2023, at 9:00 a.m., to show cause why he should not be compelled to comply with the Summonses.

2.   No later than thirty (30) days from the date of this Order or as soon thereafter as possible, a copy of this Order, together with the Petition and its exhibits, shall be served on the Respondent in accordance with Federal Rule of Civil Procedure 4.  Pursuant to Rule 4.1(a), the Court hereby appoints Agent Simmons (or any other person designated by the IRS or the Justice Department) to effectuate service in this case.

3.   Proof of any service undertaken in accordance with Paragraph 2, above, shall be promptly filed with the Clerk of Court.

4.   Because the file in this case reflects a *prima facie* showing that the investigation is being conducted for a legitimate purpose, that the sought-after documents may be relevant to that purpose, that the requested information is not already within the IRS's possession, and that the administrative steps required by the Internal Revenue Code have been substantially followed, the burden of coming forward has shifted to the Respondent to oppose enforcement of the Summonses.  *La Mura v. United States*, 765 F.2d 974, 979–80 (11th Cir. 1985).

5.   If the Respondent has any defense to present or any opposition to the Petition, such defense or opposition shall be made in writing, filed with the Clerk of Court, and copies served on government counsel at the address in the Petition by March 23, 2023.  The Petitioner may file a reply memorandum to any such opposition by April 6, 2023.

6. At the April 13, 2023, show cause hearing, only those issues brought into controversy by the responsive pleadings and factual allegations supported by affidavit(s) shall be considered. Any uncontested allegation in the Petition shall be deemed admitted.

7. No later than March 23, 2023, the Respondent may notify the Court in a writing filed with the Clerk of Court and served on government counsel at the address in the Petition that he has no objection to the enforcement of the Summonses. The Respondent's appearance at the hearing shall then be excused.

8. The Respondent is cautioned that a failure to comply with this Order may subject him to sanctions for contempt of court.

SO ORDERED in Tampa, Florida, this 13th day of February 2023.

*[signature]*
HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

Copies to:
Counsel of record
Any unrepresented party